**LAW OFFICES OF CATHARINE KROGER-DIAMOND**
**A PROFESSIONAL CORPORATION**
CATHARINE E. KROGER-DIAMOND
(STATE BAR NO. 93265)
MARLON D. CAMPOS
(STATE BAR NO. 299357)
SPENCER A. STEIN
(STATE BAR NO. 314141)
POINSETTIA VILLAGE
7220 AVENIDA ENCINAS, SUITE 203
CARLSBAD, CA 92011
(760) 931-2900
FAX (760) 931-2904

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN GREENBERG, | Case No.: **'18 CV0878 BEN BGS** |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| HOME DEPOT U.S.A., Inc., | |
| Defendant. | |

PLAINTIFF, for her claim for relief, alleges as follows:

## JURISDICTION AND VENUE

1. This suit herein arises and is within the original jurisdiction of the United States District Court since the amount in controversy exceeds $ 75,000.00 and there is diversity of citizenship between Plaintiff and the Defendants pursuant to *28 U.S.C. § 1332.*

2. Plaintiff is a resident of the State of California and is residing within the Southern District of the State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times herein mentioned, defendant, <u>HOME DEPOT</u> U.S.A., INC (hereinafter "<u>HOME DEPOT</u>") was a corporation duly organized under the laws of the State of Delaware, and had its principal place of business in the State of Georgia, and was transacting business within the Southern District of the State of California.

## **PARTIES**

4. Plaintiff Kathleen Greenberg is an individual residing at the time of the filing of the instant action in Carlsbad, California.

5. <u>Home Depot</u> U.S.A., Inc. is a party as a Defendant in this action in accordance with the provisions of 28 U.S.C. §1332.

## **STATEMENT OF FACTS GIVING RISE TO THE CLAIMS FOR RELIEF**

6. On or about May 14, 2016, at approximately 3:45 p.m., on the premises of the Home Depot store located at 73-5598 Olowalu Street, in Kona, Hawaii, Plaintiff KATHLEEN GREENBERG sustained injuries when she fell after her foot became stuck under a piece of metal rail which protruded up from the ground in the cart storage area at the exterior of the store just outside the garden department.

7. The Home Depot store, including but not limited to, the cart storage area where Plaintiff tripped and fell is hereinafter referred to as the PREMISES.

8. Plaintiff arrived at the Home Depot store intending to purchase gardening supplies. She walked over to retrieve a cart from the cart storage area. The first cart available for customers in the enclosed cart storage area had debris in its basket, so Plaintiff moved that cart out of the way. As she stepped forward to reach for another cart with no debris in the basket, her left foot caught underneath the metal rail which protruded above the ground at the entrance to the cart storage area, causing an unexpected change in elevation.

Plaintiff fell, grabbing the second cart with her left hand while her right hand was on the handle of the first cart. Her body twisted, and she fell to the ground, landing hard on her left hip, left knee, and left forearm.

9. Plaintiff was helped to her feet by a bystander who witnessed the incident. Plaintiff then saw the metal rail, which was designed to lie flat at ground level, was in a deteriorated condition and raised up off the ground, which allowed her foot to become stuck under said metal rail, causing her to trip and fall. As a result of the incident, Plaintiff suffered severe injuries.

10. The personal injuries sustained by Plaintiff as a result of the negligent conduct of Defendant and its employees/agents, include but are not limited to, back injuries, a left ankle injury, left elbow pain, neck pain, a rotator cuff tear, and injuries to both shoulders. As a result of these injuries, Plaintiff experienced severe pain and suffering. Thus, Plaintiff has sustained actual damages in the amount of $150,000.00.

## FIRST CAUSE OF ACTION-PREMISES LIABILITY

11. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 10 of this Complaint as though fully set forth herein at length.

12. At all times relevant herein, on information and belief, Defendant HOME DEPOT was the owner of, and was in control of the PREMISES.

13. At all times relevant, Defendant HOME DEPOT, possessed, controlled, and maintained the PREMISES, including but not limited to, the cart storage area, and metal rail.

14. As owner of the PREMISES, Defendant owed Plaintiff a duty to act reasonably and exercise care in the maintenance and/or management of the PREMISES, including but not limited to the cart storage area, and metal rail

to avoid exposing the HOME DEPOT invitees and other such persons to an unreasonable risk of harm.

15. Specifically, Defendant owed a duty of care to provide and maintain said PREMISES in a safe condition. Defendant had a further duty to maintain and/or repair any dangerous conditions that existed upon the PREMISES. All the above duties were owed to Plaintiff, as a member of the general public, and a business invitee of the HOME DEPOT.

16. Defendant breached the above described duty of care owed to Plaintiff by failing to maintain and/or adequately inspect the PREMISES and/or prevent the above described dangerous conditions in, on and/or around the PREMISES, including but not limited to the cart storage area, and metal rail.

17. The Defendant's negligent maintenance of the PREMISES included, but is not limited to:

   a. Negligently failing to maintain a safe surface in the cart storage area of the PREMISES, in that an unexpected change in elevation existed;

   b. Negligently failing to inspect the PREMISES for dangerous conditions such as metal protrusions rising above the ground, such as the subject metal rail, when it knew, or in the exercise of reasonable care, should have known, that such negligently inspected and maintained surfaces could greatly increase the risk that individuals on the PREMISES who could trip and fall and sustain serious injuries;

   c. Negligently failing to warn Plaintiff of the aforementioned condition when it knew, or in the exercise of reasonable care, should have known, that said dangerous condition existed.

18. As a direct and proximate result of Defendant's negligence, as described above, Plaintiff has suffered severe personal injuries and sustained damages in an amount subject to proof at trial, but in excess of $75,000.00.

///

## SECOND CAUSE OF ACTION-NEGLIGENCE

19. Plaintiff incorporates by reference paragraphs 1 through 18 set forth above as though fully set forth herein with the same force and effect.

20. At all times relevant hereto, Defendant owed a duty to Plaintiff to keep and maintain the PREMISES in a safe condition for those persons lawfully thereon.

21. Defendant breached their duty to Plaintiff in several ways, including, but not limited to:

    a. Failing to maintain the PREMISES in a safe condition for those persons lawfully thereon;

    b. Failing to repair and/or remove the metal rail protrusion rising above the ground in the cart storage area;

    c. Negligently failing to warn Plaintiff that a dangerous condition existed on the PREMISES;

    d. Failing to place warning signage or a barricade around the dangerous area where the above-mentioned metal rail protrusion was raised up above the ground.

22. Plaintiff alleges that as a direct and proximate result of Defendant's negligence, as described above, Plaintiff was required to receive medical treatment.

23. As a direct and proximate result of the Defendant's negligence, Plaintiff has suffered, and will continue to suffer in the future, physical pain, disability and mental anguish and has incurred, and will continue to incur, expenses in an attempt to cure and/or treat the injuries she has sustained.

24. As a direct and proximate result of Defendant's negligence, Plaintiff has been, and will continue to be, unable to engage in activities that she regularly engaged in prior to the accident.

///

25. As a direct and proximate results of said wrongful conduct, including Defendant's failure to properly maintain the PREMISES, including but not limited to the cart storage area, and metal rail in a safe condition, Plaintiff has suffered economic damages in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. To Plaintiff Kathleen Greenberg actual damages in the amount of $150,000.00.

2. To Plaintiff Kathleen Greenberg all awardable costs of suit and interest as allowed by law; and

3. To Plaintiff Kathleen Greenberg such other and further relief as the court deems proper.

DATED: 4/24/18                     Law Offices of Catharine Kroger-Diamond
                                   A Professional Corporation


                                   *s/ Catharine Kroger-Diamond*
                                   Catharine Kroger-Diamond
                                   Attorney for Plaintiff
                                   KATHLEEN GREENBERG

## DEMAND FOR JURY

Plaintiff hereby demands a jury trial pursuant to Rule 38, of the Federal Rules of Civil Procedure

DATED: 4/24/18                     Law Offices of Catharine Kroger-Diamond
                                   A Professional Corporation


                                   *s/ Catharine Kroger-Diamond*
                                   Catharine Kroger-Diamond
                                   Attorney for Plaintiff
                                   KATHLEEN GREENBERG